## SHELTON v. McMILLAN, *Judge.*

No. 6765. Opinion Filed September 22, 1914.

(143 Pac. 196.)

1. **ELECTIONS—Primary Elections—Repeal of Statutes.** Part of section 3035, Rev. Laws 1910, relating to primary elections, provides: "And primary elections shall in all respects conform to the laws governing general elections, except as herein otherwise provided, and all provisions of the laws governing general elections not in conflict with this chapter are hereby made applicable and put in force herewith." Held that, by virtue of this provision, section 3038, Rev. Laws 1910 (being a part of said chapter relating to primary elections, providing for a recount of the votes for any office upon the filing of the proper affidavit of any candidate, etc.), was not repealed by section 8, c. 106, Sess. Laws 1910-11, governing general elections.

2. **SAME—Validity of Statute—Recount of Votes.** Said section 3038, supra, reads: "Any candidate in a primary election may challenge the correctness of the announced result thereof by filing with the county election board, whose duty it is to canvass the returns in such race, a verified statement setting forth a state of facts which, if true, would change the result in his favor; and thereupon it shall be the duty of such board to inspect and count the ballots questioned by such candidate within ten days after he has filed his affidavit. Such board shall, upon the conclusion of such recount, proceed to certify the result." Held, that said section is not void for indefiniteness, uncertainty, or in failing to provide for notice. Held, further, said provision is complete within itself, and the county election board is authorized, upon the filing with it of the required affidavit, to proceed and recount the votes, without an order of any court or judge.

3. **SAME—Prohibition — Grounds — Primary Elections — Recount of Votes—Jurisdiction to Order.** The record discloses that the respondent, as district judge, without any legal action or proceeding pending authorized by law, was proceeding to issue certain orders directed to the county election board of McClain county at the time of the issuance of the alternative writ of prohibition. Held, that respondent, as such district judge, was exceeding his authority and assuming to exercise judicial power not granted by law, and was attempting to make an unauthorized application of judicial force. Held, further, that prohibition is the proper remedy, and the alternative writ should be made permanent.

(Syllabus by the Court.)

Original action for writ of prohibition, by F. M. Shelton against R. McMillan, Judge of the District Court of the Fourteenth Judicial District of the State of Oklahoma. Writ granted.

*J. B. Dudley* and *L. T. Cook,* for petitioner.

*Ben Franklin, Thos. L. Farriss, H. M. Carr,* and *Blanton & Andrews,* for respondent.

RIDDLE, J. The undisputed facts, as disclosed by the record, are: That petitioner, F. M. Shelton, and one Frank Farriss were opposing candidates for the nomination on the Democratic ticket for the office of sheriff of McClain county in the primary election, held August 4, 1914. According to the returns as canvassed by the county election board, Shelton received the nomination. Farriss filed a verified statement with the county election board, setting forth a state of facts which, if true, would change the result in his favor. The members of the county election board, feeling that they had no authority to open the ballot boxes and recount the ballots, refused to do so, without an order of court. Whereupon an application was made in writing and filed with the clerk of the district court of Murray county and presented to respondent, R. McMillan, upon which he issued an order, directing the county election board to proceed to recount the votes cast in certain precincts named in the application. The votes cast in these precincts, under the order of the judge, were recounted; the petitioner still having a plurality of the votes. Whereupon Farriss served notice on petitioner that he would make a second application to respondent R. McMillan in Murray county, on the ———— day of August, 1914, at Sulphur, for an order directing the county election board to proceed and recount certain other precincts named in the application. Proceedings were then instituted in this court, praying for a writ of prohibition against respondent, and, as grounds for said writ, it is alleged that there was no legal proceeding of any character pending in any court, warranting the issuance of any order; and that respondent, as such district judge, was exceeding his authority and jurisdiction. An alternative writ of prohibition was issued, to which a response was filed on September 3, 1914. Briefly stated, the foregoing are the conceded facts.

It is the contention of petitioner that respondent was acting beyond his jurisdiction and authority, and this contention is based upon three propositions: (1) He contends that section 3038, Rev. Laws 1910, was repealed by section 8, c. 106, Sess. Laws 1910-11. (2) That, if said provision has not been repealed, it is void for reasons of uncertainty and indefiniteness in that there is no procedure to carry it into force and effect. (3) That the county election board is prohibited from inspecting and recounting said ballots in the manner sought. Respondent contends, however, that section 3038, *supra*, being a provision of the primary election law and a special act for a special purpose, supersedes any provision of the general election law, wherein there is any conflict.

The question arises: Was section 3038, Rev. Laws 1910, repealed; and, if not, is it void for the reasons set out? Said section reads as follows:

"Any candidate in a primary election may challenge the correctness of the announced result thereof by filing with the county election board, whose duty it is to canvass the returns in such race, a verified statement setting forth a state of facts which, if true, would change the result in his favor; and thereupon it shall be the duty of such board to inspect and count the ballots questioned by such candidate within ten days after he has filed his affidavit. Such board shall, upon the conclusion of such recount, proceed to certify the result."

Section 3035, Rev. Laws 1910, provides:

"The ballots shall be counted and return made in such primary election as by law provided for general elections; and primary elections shall in all respects conform to the laws governing general elections, except as herein otherwise provided, and all provisions of the laws governing general elections not in conflict with this chapter are hereby made applicable and put in force herewith."

It is plain to us that this section was not repealed by section 8, c. 106, Sess. Laws 1910-11, the chapter governing general elections. The act of the Legislature providing for primary elections is for a different purpose, operating in a different field, from the law governing general elections, and is a special act to the extent that, if in conflict with any of the pro-

visions of the general election law, the provisions of the primary election law would prevail, when applied to primary elections. Were it not for sections 3035 and 3054, Rev. Laws 1910 (the latter section relating to contests), the law governing general elections would have no application to primary elections. Section 3035, *supra,* specifically provides that the general election laws shall apply only where they do not conflict with the provisions of the law governing primary elections. In other words, by section 3038 it is "otherwise provided" in the chapter relating to primary elections. The provision of the general election law which it is claimed is repugnant to section 3038, *supra,* is that portion of section 8, c. 106, Sess. Laws 1910-11, which reads as follows:

"When the ballots are tied and the knot is sealed, the bundle of voted ballots and the stub ballot book, with all the unused ballots attached to their stubs with the original certificate of the result in the back thereof, and the two tally sheets shall be placed in the envelope labeled 'Voted Ballots,' 'Tally Sheets,' and 'Stub Book of Ballots,' this envelope shall not be opened except upon order of the Supreme Court or district court or a judge thereof in case of contest or some legal proceeding necessitating the opening of the same. * * * After the ballot box is securely locked the inspector shall not again open it, but shall deliver it in that condition to the secretary of the county election board. The county election board shall not disturb anything in the ballot box except the envelope marked 'Returns,' which when canvassed shall be returned to the ballot box and the box will again be securely locked and retained by the secretary of the county election board until opened by order of court or until it shall be necessary to open the same for use at the next election. * * *"

It is not contended that there is any express repeal, and, if repealed, it must be by implication. As we have seen, instead of section 3038 being repealed by implication, it is specifically provided that it shall supersede any provision of the general election law, should there be any conflict. We are not prepared to say, however, that there is any irreconcilable conflict in these sections. They all can stand and be given effect. Section 3038 simply provides one of the links in the chain of

procedure for carrying on the primary election, the ultimate purpose of which is to secure the party's choice of a nominee for the general election. This section is plain, and is not void for being indefinite, vague, or uncertain. Neither is it void for failure to provide notice. No vested rights are involved or sought to be disturbed. The only purpose this section is intended to serve is that irregularities and mistakes may be corrected. The duties of the board under this section are merely ministerial, and it is not intended to interfere with or supersede a contest. It is complete within itself; and when the county election board decides that a sufficient affidavit has been filed with them, as provided for therein, it is their duty to proceed to inspect and recount the ballots within ten days from the filing of such affidavit. Under this section of the statute, no order of court is necessary to authorize the board to act.

The question now arises: Was there any authority for respondent to issue the order which it is alleged he is about to issue? The issuance of this order seems to be the result of an erroneous construction of that part of section 8, c. 106, Sess. Laws 1910-11, which reads:

"This envelope shall not be opened except upon order of the Supreme Court or district court or a judge thereof in case of contest or some legal proceeding necessitating the opening of the same."

This language could have had no reference to section 3038; nor is it applicable to the county election board in performing its duty under said section. The plain language is that the envelope shall not be opened, except on an order of the Supreme Court or district court, or a judge thereof, in case of contest or some legal proceeding, necessitating the opening of the same. This refers to a contest, legally instituted in the manner provided by law; in other words, a judicial proceeding, by reason of which contest or legal proceedings there is a necessity created for use of the ballots, thus opening the ballot boxes. In this instance there was no contest pending; neither was there any legal proceeding, authorized by law, pending. It is not contended that the application filed with respondent is such legal

proceeding as this language contemplates; and, had it been contended that it was such legal proceeding as referred to, it could not be successfully claimed that, by virtue of such legal proceeding, it necessitated the opening of the ballot boxes; but, on the other hand, such proceedings were filed for the express purpose of securing an order to have the ballot boxes opened, not to be used in such legal proceedings, but to be used in another proceeding pending before the county election board. Thus we hold there was no law authorizing the filing of the application before respondent, nor any legal proceeding or contest pending, warranting the issuance of the order which it is alleged respondent is about to issue; and, in an attempt to issue said order, respondent was exceeding his authority under the law, and it was attempting to make an unauthorized application of judicial force.

For the foregoing reasons, the alternative writ of prohibition will be made permanent.

All the Justices concur, except KANE, C. J., not participating.